

SEALED

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Cr. No. 15-cr-10256-RGS |
| | ) | |
| v. | ) | VIOLATIONS: |
| | ) | |
| 1.  **ROBERTO CHRISTIAN** | ) | |
|     **JIMENEZ-HEYER,** a/k/a "Forty," | ) | 18 U.S.C. § 1962(d) -- |
| 2.  **ANGEL MEJIA ZELAYA,** a/k/a "Stackz,") | Conspiracy to Conduct Enterprise |
| 3.  **BRANDON BAEZ,** a/k/a "Big Baby" | ) | Affairs Through a Pattern of |
| 4.  **JOSUE RODRIGUEZ,** a/k/a "SB," | ) | Racketeering Activity |
|     and a/k/a "Superbad," | ) | |
| 5.  **WILFREDO DELACRUZ,** | ) | 21 U.S.C. § 846 -- |
| 6.  **HENRY DEL-RIO,** a/k/a "Junior," | ) | Conspiracy to Distribute Cocaine, |
| 7.  **ELYHAS DIAZ,** a/k/a "Boi Boi," | ) | Cocaine Base, and Heroin |
| 8.  **ANNA GARCIA,** | ) | |
| 9.  **CHRISTIAN GONZALEZ,** a/k/a "Chee," ) | 18 U.S.C. § 922(k) -- |
| 10. **JESSIKA HEYER,** | ) | Possession of a Firearm with |
| 11. **JERRY LEIVA,** a/k/a "Fetti," | ) | an Obliterated Serial Number |
| 12. **JOSE PEREZ,** and | ) | |
| 13. **EMMITT SIMPKINS,** a/k/a "Easy," | ) | 18 U.S.C. § 922(a)(1)(A) -- |
| | ) | Engaging in the Business of Dealing |
|     Defendants. | ) | in Firearms without a License |
| | ) | |
| | ) | 21 U.S.C. § 841(a)(1) |
| | ) | Possession of Cocaine Base with |
| | ) | Intent to Distribute |
| | ) | |
| | ) | 18 U.S.C. § 924(c)(1)(A) |
| | ) | Possession of a Firearm in |
| | ) | Furtherance of a Drug Trafficking |
| | ) | Crime |
| | ) | |
| | ) | 21 U.S.C. § 856(a)(2) – |
| | ) | Maintaining a Drug Involved |
| | ) | Premises |
| | ) | |
| | ) | 21 U.S.C. § 853 -- |
| | ) | Drug Forfeiture Allegation |
| | ) | |
| | ) | 18 U.S.C. § 924(d) and |
| | ) | 28 U.S.C. § 2461(c) -- |
| | ) | Firearm Forfeiture Allegation |

## SUPERSEDING INDICTMENT

**COUNT ONE:**  (18 U.S.C. § 1962(d) – Conspiracy to Conduct Enterprise Affairs Through A Pattern Of Racketeering Activity)

The Grand Jury charges that:

### The Enterprise

At various times material to this superseding indictment:

1.    Defendants **ANGEL MEJIA ZELAYA**, a/k/a "Stackz," **BRANDON BAEZ**, a/k/a "Big Baby," **ROBERTO CHRISTIAN JIMENEZ-HEYER**, a/k/a "Forty," **JOSUE RODRIGUEZ**, a/k/a "SB," a/k/a "Superbad," **HENRY DEL-RIO**, a/k/a "Junior," **ELYHAS DIAZ**, a/k/a "Boi Boi," **JERRY LEIVA**, a/k/a "Fetti," and **EMMITT SIMPKINS**, a/k/a "Easy" (collectively "Defendants"), and others known and unknown to the Grand Jury, were leaders, members and associates of an organization whose leaders, members and associates engaged in, among other things, murder, conspiracy to commit murder, attempted murder, assault with intent to commit murder, violations of the Hobbs Act (relating to interference with commerce through robbery and extortion), robbery, conspiracy to distribute drugs (including cocaine, cocaine base and heroin), and distribution of drugs (including cocaine, cocaine base and heroin).  At all relevant times, this organization, known as the East Side Money Gang, a/k/a "ESMG," operated in the District of Massachusetts and elsewhere.

2.    The East Side Money Gang, a/k/a "ESMG," including its leaders, members and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4) (hereinafter "the East Side Money Gang" or the "Enterprise"), that is, a group of individuals associated in fact.  The East Side Money Gang constituted an ongoing organization whose leaders, members and associates functioned as a continuing unit for the common purpose of

achieving the objectives of the East Side Money Gang.   The East Side Money Gang was engaged in, and its activities affected, interstate and foreign commerce.

## Purposes of the Enterprise

3.      The purposes of the Enterprise included the following:

a.      Enriching the leaders, members and associates of the East Side Money Gang, a/k/a "ESMG," through, among other things, drug trafficking.

b.      Controlling illegal activities, such as drug trafficking, in and around Chelsea, in the District of Massachusetts, and elsewhere.

c.      Preserving, protecting and expanding the power of the East Side Money Gang, a/k/a "ESMG," through the use of intimidation, violence, threats of violence, assaults, and murders.

d.      Promoting and enhancing the East Side Money Gang, a/k/a "ESMG," and the activities of its leaders, members and associates.

## The Means and Methods of The Enterprise

4.      Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the Enterprise were the following:

a.      Leaders, members and associates of the East Side Money Gang, a/k/a "ESMG," used the East Side Money Gang to commit, attempt to commit, and threaten to commit, acts of violence, including murder and assault, to protect and expand the East Side Money Gang's criminal operations.

b.      Leaders, members and associates of the East Side Money, a/k/a "ESMG, used the East Side Money Gang to promote a climate of fear through violence and threats of violence in order to intimidate potential rivals to the East Side Money Gang and its illegal activities, and to

intimidate potential witnesses to the East Side Money Gang's illegal activities.

      c.      Leaders, members and associates of the East Side Money Gang, a/k/a "ESMG," promulgated certain rules to be followed by all participants in the East Side Money Gang, including the rule that a participant in the East Side Money Gang not act as an informant for law enforcement authorities regarding the criminal activities of the East Side Money Gang.  To enforce the rules of the East Side Money Gang, the leaders, members and associates of the East Side Money Gang assaulted and threatened those participants in the East Side Money Gang and others who violated the rules.

      d.      Leaders, members and associates of the East Side Money Gang distributed and conspired to distribute controlled substances, including cocaine, cocaine base and heroin, in Boston, Chelsea, and Revere, in the District of Massachusetts, and elsewhere.

      e.      Leaders, members and associates of the East Side Money Gang and their associates possessed, carried and used firearms to protect their operations from theft, robbery, and competition from others.  These weapons were possessed, carried and used for various reasons, including but not limited to: to protect the East Side Money Gang's narcotics and the proceeds of drug distribution; to ensure that drug distribution activities were controlled by the leaders, members and associates of the East Side Money Gang; to intimidate others from attempting to steal the East Side Money Gang's narcotics and proceeds from drug distribution; and to ensure the personal safety of leaders, members and associates of the East Side Money Gang.

      f.      To generate income, participants in the East Side Money Gang committed robberies, including armed robberies.

      g.      To generate income, participants in the East Side Money Gang were entitled to conduct, and, in fact, conducted illegal activities under the protection of the East Side Money

Gang.

## The Racketeering Conspiracy

5.      From a time unknown to the Grand Jury and continuing until on or about June 8,

2016, at Boston, Chelsea, Lynn, Revere, and elsewhere in the District of Massachusetts, and at

other places presently known and unknown:

1.   **ROBERTO CHRISTIAN JIMENEZ-HEYER,**
     a/k/a "Forty,"
2.   **ANGEL MEJIA ZELAYA,** a/k/a "Stackz,"
3.   **BRANDON BAEZ,** a/k/a "Big Baby,"
4.   **JOSUE RODRIGUEZ,** a/k/a "SB," a/k/a "Superbad,"
6.   **HENRY DEL-RIO,** a/k/a "Junior,"
7.   **ELYHAS DIAZ,** a/k/a "Boi Boi,"
11.  **JERRY LEIVA,** a/k/a "Fetti," and
13.  **EMMITT SIMPKINS,** a/k/a "Easy"

the defendants herein, and others known and unknown to the Grand Jury, being persons employed

by and associated with the East Side Money Gang, an enterprise which was engaged in, and the

activities of which affected, interstate and foreign commerce, did knowingly conspire with each

other, and with other persons known and unknown to the Grand Jury, to violate Title 18, United

States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the

conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is

defined by Title 18, United States Code, Sections 1961(1) and (5).

6.      It was part of the conspiracy that each defendant agreed that a conspirator would

commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

## The Pattern of Racketeering

7.      The pattern of racketeering activity, as defined in Title 18, United States Code,

Sections 1961(1) and 1961(5), through which **ANGEL MEJIA ZELAYA,** a/k/a "Stackz,"

**BRANDON BAEZ,** a/k/a "Big Baby," **ROBERTO CHRISTIAN JIMENEZ-HEYER,** a/k/a

"Forty," **JOSUE RODRIGUEZ**, a/k/a "SB," a/k/a "Superbad," **HENRY DEL-RIO**, a/k/a "Junior," **ELYHAS DIAZ**, a/k/a "Boi Boi," **JERRY LEIVA**, a/k/a "Fetti," and **EMMITT SIMPKINS**, a/k/a "Easy" and their co-conspirators agreed to conduct and participate in the conduct of the affairs of the enterprise, the East Side Money Gang, consisted of:

      a.      multiple offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 841 and 846;

      b.      multiple acts involving murder, in violation of Massachusetts General Laws, Chapter 265, Section 1 (murder), Section 16 (attempt to murder), Section 15 (assault with intent to murder), and Section 18 (armed assault with intent to murder), and in violation of Massachusetts General Laws, Chapter 274, Section 7 (conspiracy to commit murder);

      c.      multiple acts involving robbery, in violation of Massachusetts General Laws, Chapter 265, Section 17 (armed robbery), and Section 19 (unarmed robbery), and in violation of Massachusetts General Laws, Chapter 274, Section 6 (attempted robbery) and Section 7 (conspiracy to rob); and

      d.      multiple acts indictable under Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, and extortion).

All in violation of Title 18, United States Code, Section 1962(d).

**COUNT TWO:**        **(21 U.S.C. § 846 -- Conspiracy to Distribute**
                      **Cocaine Base and Cocaine)**

The Grand Jury further charges that:

8.        From a time unknown to the Grand Jury and continuing until on or about June 8,

2016, at Boston, Chelsea, Revere, and elsewhere in the District of Massachusetts, and at other

places presently known and unknown:

       1.    **ROBERTO CHRISTIAN JIMENEZ-HEYER,**
            a/k/a "Forty,"
       2.    **ANGEL MEJIA ZELAYA, a/k/a "Stackz,"**
       3.    **BRANDON BAEZ, a/k/a "Big Baby,"**
       4.    **JOSUE RODRIGUEZ, a/k/a "SB," a/k/a "Superbad,"**
       6.    **HENRY DEL-RIO, a/k/a "Junior,"**
       7.    **ELYHAS DIAZ, a/k/a "Boi Boi,"**
       8.    **ANNA GARCIA,**
       9.    **CHRISTIAN GONZALEZ, a/k/a "Chee," and**
     13.    **EMMITT SIMPKINS, a/k/a "Easy,"**

the defendants herein, did knowingly and intentionally combine, conspire, confederate and agree

with each other, and with other persons known and unknown to the Grand Jury, to distribute, and

to possess with intent to distribute, cocaine, a Schedule II controlled substance, and cocaine base, a

Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

9.        The Grand Jury further charges that the conspiracy described herein involved 280

grams of a mixture and substance containing a detectable amount of cocaine base, a Schedule II

controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(iii).

Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(iii), is applicable to this count.

10.        The Grand Jury further charges that 280 grams or more of a mixture and substance

containing a detectable amount of cocaine base, a Schedule II controlled substance, are attributable

and were reasonably foreseeable to defendants **ANGEL MEJIA ZELAYA,** a/k/a "Stackz,"

**JOSUE RODRIGUEZ,** a/k/a "SB" and "Superbad," and **CHRISTIAN GONZALEZ,** a/k/a

"Chee." Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(iii), is applicable to this count as to these defendants.

11.     The Grand Jury further charges that 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, are attributable and were reasonably foreseeable to defendants **ELYHAS DIAZ**, a/k/a "Boi-Boi," and **ROBERTO CHRISTIAN JIMENEZ-HEYER**, a/k/a "Forty." Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(iii), is applicable to this count as to these two defendants.

All in violation of Title 21, United States Code, Section 846.

**COUNT THREE:**   (21 U.S.C. § 846 -- Conspiracy to Distribute Heroin)

The Grand Jury further charges that:

12.     From a time unknown to the Grand Jury and continuing until on or about June 8, 2016, at Chelsea, and elsewhere in the District of Massachusetts, and at other places presently known and unknown:

6.     **HENRY DEL-RIO**, a/k/a "Junior," and
7.     **ELYHAS DIAZ**, a/k/a "Boi Boi,"

the defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other, and with other persons known and unknown to the Grand Jury, to distribute heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

13.     The Grand Jury further charges that the conspiracy described herein involved 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(i). Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(i), is applicable to this count.

14.     The Grand Jury further charges that 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, are attributable and were reasonably foreseeable to defendant **HENRY DEL-RIO**, a/k/a "Junior."  Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(i), is applicable to this count as to this defendant.

All in violation of Title 21, United States Code, Sections 846.

**COUNT FOUR:**      **(18 U.S.C. § 922(k) – Possession of a Firearm with an Obliterated Serial Number)**

The Grand Jury further charges that:

15.     On or about April 17, 2016, at Chelsea, in the District of Massachusetts,

6.     **HENRY DEL-RIO,** a/k/a "Junior,"

the defendant herein, did knowingly possess a firearm, to wit, a Ruger, .45 caliber semi-automatic pistol, which had the importer's and manufacturer's serial number removed, obliterated and altered, and which had been shipped and transported in interstate commerce.

All in violation of Title 18, United States Code, Section 922(k).

**<u>COUNT FIVE</u>:**        (18 U.S.C. § 922(a)(1)(A)-- Engaging in the Business of Dealing in Firearms Without a License; 18 U.S.C. § 2 -- Aiding and Abetting)

The Grand Jury further charges that:

16.     From a time unknown to the Grand Jury and continuing until on or about June 8, 2016, in Chelsea, Lynn, and and elsewhere in the District of Massachusetts,

| | |
|---|---|
| 2. | **ANGEL MEJIA ZELAYA,** a/k/a "Stackz," |
| 5. | **WILFREDO DELACRUZ,** |
| 7. | **ELYHAS DIAZ,** a/k/a "Boi Boi," |
| 11. | **JERRY LEIVA,** a/k/a "Fetti," and |
| 12. | **JOSE PEREZ,** |

the defendants herein, not being a licensed importer, manufacturer and dealer under the provisions of Chapter 44 of Title 18, United States Code, did willfully engage in the business of dealing in firearms, including, but not limited to, the following:

a.     a Glock, Model 23, .40 caliber semi-automatic pistol with an obliterated serial number;

b.     a Sauer & Sohn, .380 caliber semi-automatic pistol, bearing serial number 409635;

c.     a Smith & Wesson, .32 caliber revolver, bearing serial number 246771;

d.     a FNH-USA, Model FNS-9C, .9mm pistol with an obliterated serial number;

e.     a Glock, Model 23, .40 caliber pistol, bearing serial number VSV421; and

f.     a Mossberg, Model 500A, 12 gauge shotgun, bearing serial number K145957.

All in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 2.

**COUNT SIX:**     **(18 U.S.C. § 922(a)(1)(A)-- Engaging in the Business of Dealing in Firearms Without a License)**

The Grand Jury further charges that:

17.    From on or about and between April 2015 to on or about July 2015, in Chelsea, Plymouth, and elsewhere in the District of Massachusetts,

1.    **ROBERTO CHRISTIAN JIMENEZ-HEYER,** a/k/a "Forty,"

the defendant herein, not being a licensed importer, manufacturer and dealer under the provisions of Chapter 44 of Title 18, United States Code, did willfully engage in the business of dealing in firearms, including, but not limited to, the following:

a.    a Taurus, The Judge, .45/.410 caliber revolver, with an obliterated serial number; and

b.    a Romarm, WASR, 7.62x39mm assault rifle, bearing serial number 1-06476-99.

All in violation of Title 18, United States Code, Section 922(a)(1)(A).

**COUNT SEVEN:**     **(21 U.S.C. § 841(a)(1) - Possession of Cocaine Base with Intent to Distribute)**

The Grand Jury further charges that:

18.     On or about July 22, 2015, in Chelsea, in the District of Massachusetts,

1.     **ROBERTO CHRISTIAN JIMENEZ-HEYER**, a/k/a "Forty,"

the defendant herein, did knowingly and intentionally possess with intent to distribute cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

19.     The Grand Jury further alleges that the offense described herein involved at least 28 grams of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance.     Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(iii), is applicable to this offense.

All in violation of Title 21, United States Code, Section 841(a)(1).

**COUNT EIGHT:**    (18 U.S.C. § 924(c)(1)(A) - Possession of a Firearm in Furtherance of Drug Trafficking Crime)

The Grand Jury further charges that:

20.    On or about July 22, 2015, in Chelsea, in the District of Massachusetts,

1.    **ROBERTO CHRISTIAN JIMENEZ-HEYER,** a/k/a "Forty,"

the defendant herein, did knowingly possess a firearm, to wit: a Rossi, .38 caliber revolver,

bearing serial number AR47358, in furtherance of a drug trafficking crime for which the

defendant may be prosecuted in a court of the United States, to wit: possession of cocaine base

with intent to distribute in violation of Title 21, United States Code, Section 841(a)(1), as

charged in Count Seven.

All in violation of Title 18, United States Code, Section 924(c)(1)(A).

14

**COUNT NINE:**     **(21 U.S.C. § 856(a)(2) - Managing and Controlling A Building For Distribution And Use Of Controlled Substances)**

The Grand Jury further charges that:

21.     From a date unknown to the Grand Jury, but from at least in or about April 2015, and continuing thereafter until on or about July 22, 2015, at Chelsea, and elsewhere in the District of Massachusetts,

10.     **JESSIKA HEYER,**

the defendant herein, did knowingly manage and control a place, to wit: a single-family residence at 102 Washington Avenue, Chelsea, Massachusetts, as an occupant and lessee, and did knowingly and intentionally make available for use, with and without compensation, that residence for the purpose of unlawfully manufacturing, storing, distributing and using cocaine base, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Section 856(a)(2).

## DRUG FORFEITURE ALLEGATION
### (Title 21, United States Code, Section 853)

The Grand Jury further charges that:

22.     Upon conviction of any of the offenses alleged in Counts Two, Three, Seven and Nine of this Superseding Indictment:

1.  **ROBERTO CHRISTIAN JIMENEZ-HEYER,** a/k/a "Forty,"
2.  **ANGEL MEJIA ZELAYA,** a/k/a "Stackz,"
3.  **BRANDON BAEZ,** a/k/a "Big Baby,"
4.  **JOSUE RODRIGUEZ,** a/k/a "SB," a/k/a "Superbad,"
6.  **HENRY DEL-RIO,** a/k/a "Junior,"
7.  **ELYHAS DIAZ,** a/k/a "Boi Boi,"
8.  **ANNA GARCIA,**
9.  **CHRISTIAN GONZALEZ,** a/k/a "Chee,"
10. **JESSIKA HEYER,** and
13. **EMMITT SIMPKINS,** a/k/a "Easy,"

the defendants herein, shall forfeit to the United States, jointly and severally, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violations; and/or any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations.

23.     If any of the property described in paragraph 22, above, as a result of any act or omission of the defendants –

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the Court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be subdivided without difficulty;

16

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 22 above.

All pursuant to Title 21, United States Code, Section 853.

## FIREARM FORFEITURE ALLEGATION
### (Title 18, United States Code, Section 924(d) and
### Title 28, United States Code, Section 2461(c))

The Grand Jury further charges that:

25.     Upon conviction of the offense alleged in Count Eight of this Superseding Indictment:

1.     **ROBERTO JIMENEZ-HEYER,** a/k/a "Forty,"

defendant herein, shall forfeit to the United States, any firearms or ammunition involved in or used in any knowing commission of the offense, including, but not limited to the following:

a.     a Rossi, .38 caliber revolver, bearing serial number AR47358.

It is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the property described in paragraphs 25 above.

All pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

A TRUE BILL,

FOREPERSON OF THE GRAND JURY

EMILY CUMMINGS
MICHAEL J. CROWLEY
Assistant U.S. Attorneys

DISTRICT OF MASSACHUSETTS                    June 8, 2016

Returned into the District Court by the Grand Jurors and filed.

Deputy Clerk                          12:06pm